IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JEROME DAVIS,<br><br>   Plaintiff,<br><br>vs.<br><br>PATRICK INGRAM, ESQ.,<br><br>   Defendant. | No. C06-4042-DEO<br><br>ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS and REPORT AND RECOMMENDATION ON INITIAL REVIEW |

  This matter is before the court pursuant to the plaintiff's application to proceed *in forma pauperis*, filed May 4, 2006. Along with his application to proceed *in forma pauperis*, the plaintiff submitted a Complaint.

  Based on the application and certificate of inmate account, *in forma pauperis* status is granted. 28 U.S.C. § 1915. The Clerk of Court is directed to file the Complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff will not be required to submit an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff must submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff must forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

  Turning to initial review of the present case, the court notes that Mr. Davis, who currently is confined in the Nebraska State Penitentiary in Lincoln, Nebraska, has submitted a Complaint to assert a claim of alleged legal malpractice by his court-appointed attorney in another case filed in this court, *Davis v. Hogan*, Case No. C06-4029-DEO (*Davis I*). Jurisdiction is predicated on 28 U.S.C. § 1332. Under 28 U.S.C. § 1391(b),

venue appears to be proper as the defendant is located in this district and the events giving rise to this action occurred in this district.

In his Complaint, Mr. Davis claims his court-appointed attorney, Patrick Ingram, has failed to comply with Mr. Davis's instructions regarding the filing of an Amended Complaint in *Davis I*. In the court's Initial Review Order in *Davis I*, the court directed Mr. Davis to file an amended complaint by May 4, 2006. On April 7, 2006, Mr. Ingram filed an entry of appearance in *Davis I*. (Doc. No. 4) On May 8, 2006, Mr. Ingram filed a motion (Doc. No. 5) for an extension of time to amend Mr. Davis's Complaint in *Davis I*. In the motion, Mr. Ingram noted Mr. Davis's claim in *Davis I* is not a prisoner civil rights action, but rather is a products liability action directed against the inventor of a restraint chair. (*See id.*) In order to clarify the matter, the court held a telephonic hearing with Mr. Davis and Mr. Ingram.

During the hearing, Mr. Davis indicated he is very dissatisfied with Mr. Ingram's representation in *Davis I*. Mr. Davis insisted he told Mr. Ingram exactly how to amend his Complaint in *Davis I*, and Mr. Ingram failed to comply with his instructions. According to Mr. Davis, he told Mr. Ingram to add Tom Hogan's insurance provider as a party to *Davis I*, although Mr. Davis did not know the name of the insurer, and to set forth a products liability claim regarding the use of a restraint chair that he alleges was invented by Tom Hogan. Mr. Davis maintained that although he gave Mr. Ingram specific instructions, Mr. Ingram did not file an amended Complaint. He also asserted it is for the court, and not Mr. Ingram, to decide which of Mr. Davis's claims has merit, and Mr. Ingram should have amended the Complaint as directed.

Mr. Davis stated he can represent himself in *Davis I* because he is familiar with the process. He also stated he wants to pursue both *Davis I* and the present case, even though he agreed it would be best if the court permitted Mr. Ingram to withdraw from *Davis I* as his counsel. Although he could not explain how Mr. Ingram's representation has

prejudiced him, Mr. Davis nevertheless insisted on pursuing his malpractice claim in the instant case.

By separate order in *Davis I*, the court withdrew Mr. Ingram from that case. The court found Mr. Ingram's delay in filing an amended Complaint was reasonable under the circumstances, and the court granted the motion allowing Mr. Davis additional time to amend his Complaint. The court further denied Mr. Davis's *pro se* motion for sanctions and to hold Mr. Ingram in contempt. (*See* Doc. Nos. 5, 6 & 9 in *Davis I*)

The court's order in *Davis I* renders moot Mr. Davis's claim that Mr. Ingram committed malpractice, or that the alleged malpractice caused Mr. Davis any prejudice. As a result, Mr. Davis cannot show that Mr. Ingram's actions have caused him to sustain actual injury, loss, or damage. Such a showing is necessary in order for Mr. Davis to prevail in an action for legal malpractice. *See Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996) (setting forth elements of a prima facie claim for legal malpractice under Iowa law). The court therefore finds Mr. Davis's case against Mr. Ingram fails to state a claim on which relief may be granted, and dismissal of the Complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed *in forma pauperis* is granted.

2) The Clerk of Court is directed to file the Complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $350.00 filing fee is paid.

4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

Further, **IT IS RESPECTFULLY RECOMMENDED**, for the reasons discussed above, unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the instant case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED this 23rd day of May, 2006.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

TO: **WARDEN/ADMINISTRATOR**
State of Nebraska Department of Correctional Services, Lincoln, Nebraska

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jerome Davis, #61935, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Davis v. Ingram*, Case No. C06-4042-DEO. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa