IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JEROME DAVIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PATRICK INGRAM, ESQ.,<br><br>　　　　Defendant. | **No. 06-CV-4042-DEO**<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION ON INITIAL REVIEW** |

## I.  INTRODUCTION AND BACKGROUND

This matter is before the Court pursuant to, "Order On Application To Proceed In Forma Pauperis And Report And Recommendation On Initial Review" (Docket No. 5, 05-24-2006). In that ruling, United States Magistrate Judge Paul A. Zoss found that jurisdiction is predicated on 28 U.S.C. § 1332 and that venue is proper under 28 U.S.C. § 1391(b). Judge Zoss sets out that the plaintiff is incarcerated in the Nebraska State Penitentiary in Lincoln, Nebraska, and has submitted a complaint asserting a claim of alleged legal malpractice by his court-appointed attorney in a another cased which is filed with this Court, <u>Davis v. Hogan</u>, Case No. C06-4029-DEO (hereinafter referred to as Davis I).

In his ruling, U.S. Magistrate Judge Zoss further details the facts surrounding this matter:

> In his Complaint, Mr. Davis claims his court-appointed attorney, Patrick Ingram, has failed to comply with Mr. Davis's instructions regarding the filing of an Amended Complaint in *Davis I*. In the court's Initial Review Order in *Davis I*, the court directed Mr. Davis to file an amended complaint by May 4, 2006. On April 7, 2006, Mr. Ingram filed an entry of appearance in *Davis I*. (Doc. No. 4) On May 8, 2006, Mr. Ingram filed a motion (Doc. No. 5) for an extension of time to amend Mr. Davis's Complaint in *Davis I*. In the motion, Mr. Ingram noted Mr. Davis's claim in *Davis I* is not a prisoner civil rights action, but rather is a products liability action directed against the inventor of a restraint chair. (*See id.*) In order to clarify the matter, the court held a telephonic hearing with Mr. Davis and Mr. Ingram.
>
> During the hearing, Mr. Davis indicated he is very dissatisfied with Mr. Ingram's representation in *Davis I*. Mr. Davis insisted he told Mr. Ingram exactly how to amend his Complaint in *Davis I*, and Mr. Ingram failed to comply with his instructions. According to Mr. Davis, he told Mr. Ingram to add Tom Hogan's insurance provider as a party to *Davis I*, although Mr. Davis did not know the name of the insurer, and to set forth a products liability claim regarding the use of a restraint chair that he alleges was invented by Tom Hogan. Mr. Davis maintained that although he gave Mr. Ingram specific instructions, Mr. Ingram did not

2

file an amended Complaint. He also asserted it is for the court, and not Mr. Ingram, to decide which of Mr. Davis's claims has merit, and Mr. Ingram should have amended the Complaint as directed.

Mr. Davis stated he can represent himself in *Davis I* because he is familiar with the process. He also stated he wants to pursue both *Davis I* and the present case, even though he agreed it would be best if the court permitted Mr. Ingram to withdraw from *Davis I* as his counsel. Although he could not explain how Mr. Ingram's representation has prejudiced him, Mr. Davis nevertheless insisted on pursuing his malpractice claim in the instant case.

By separate order in *Davis I*, the court withdrew Mr. Ingram from that case. The court found Mr. Ingram's delay in filing an amended Complaint was reasonable under the circumstances, and the court granted the motion allowing Mr. Davis additional time to amend his Complaint. The court further denied Mr. Davis's *pro se* motion for sanctions and to hold Mr. Ingram in contempt. (*See* Doc. Nos. 5, 6 & 9 in *Davis I*).

The court's order in *Davis I* renders moot Mr. Davis's claim that Mr. Ingram committed malpractice, or that the alleged malpractice caused Mr. Davis any prejudice. As a result, Mr. Davis cannot show that Mr. Ingram's actions have caused him to sustain actual injury, loss, or damage. Such a showing is necessary in order for Mr. Davis to prevail in an action for legal malpractice. *See Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996) (setting forth elements of a prima facie claim for legal

malpractice under Iowa law). The court therefore finds Mr. Davis's case against Mr. Ingram fails to state a claim on which relief may be granted, and dismissal of the Complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

U.S. Magistrate Judge Zoss concludes:

> Further, **IT IS RESPECTFULLY RECOMMENDED**, for the reasons discussed above, unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the instant case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Attached to this Order is a pro se pleading dated May 22, 2006, "Notice Of Appeal & Pr[ae]cipe For Certified Transcript." The Clerk of Court shall file this pleading as of May 26, 2006 (post-mark date on envelope). Upon receipt of this document from the plaintiff by the Court, it was inadvertently placed in related case file, Davis v. Hogan, 06-CV-4029 (Davis I). It is now being filed as of the post-

---

[1] Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

marked date, May 26, 2006.  <u>The Clerk of Court shall file this document as of May 26, 2006, and the same is hereby deemed as timely filed</u>.  This Court notes the plaintiff's objection, "we appeal any order Magistrate Judge Paul A. Zoss ordered on May 22, 2006 therein a said telephone conference."  There is no reason set out in the plaintiff's "objections" and/or appeal.  Therefore, this Court shall assume plaintiff objects as to all findings of the U.S. Magistrate Judge's ruling.

Having noted the plaintiff's objection to the U.S. Magistrate Judge's Report and Recommendation and upon full review of all the pleadings filed in this matter, this Court now undertakes the necessary review of Judge Zoss's report and recommendation on initial review to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings

5

or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

This Court, after review, finds:

> The court's order in *Davis I* renders moot Mr. Davis's claim that Mr. Ingram committed malpractice, or that the alleged malpractice caused Mr. Davis any prejudice. As a result, Mr. Davis cannot show that Mr. Ingram's actions have caused him to sustain actual injury, loss, or damage. Such a showing is necessary in order for Mr. Davis to prevail in an action for legal malpractice. *See Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996) (setting forth elements of a prima facie claim for legal malpractice under Iowa law). The court therefore finds Mr. Davis's case against Mr. Ingram fails to state a claim on which

6

> relief may be granted, and dismissal of the Complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court is not persuaded that the objection to the Report and Recommendation has any merit based upon all the facts set out above. It appears to the Court, upon review of Judge Zoss's findings and conclusions, that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Judge Zoss's Report and Recommendation (Docket No. 5, 05-24-2006), and hereby dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Therefore, the motion pending at Docket No. 2, "Motion For Summon" is denied as moot as this case is dismissed for all reasons stated above.

Further, the motion requesting a certified copy of a transcript which was contained in the pro se pleading deemed filed as of May 26, 2006, which is attached to this Order, is hereby denied as moot.

**IT IS SO ORDERED** this 7th day of September, 2006.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa